**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOEL J. NUNEZ,

      Plaintiff,

v.

NEW JERSEY STATE PRISON, et al.,

      Defendants.

Civil Action No. 25-3853 (KMW) (MJS)

**MEMORANDUM OPINION**

**WILLIAMS, District Judge:**

      This matter comes before the Court on the application to proceed *in forma pauperis* (ECF No. 6) and complaint submitted in this civil rights matter by Plaintiff Joel J. Nunez. (ECF No. 1.) Also before the Court is Plaintiff's motion seeking appointed counsel. (ECF No. 3.) Because this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, Plaintiff's application shall be granted. As Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his purported amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* For the following reasons, Plaintiff's complaint shall be dismissed without prejudice, and his motion seeking appointed counsel shall be denied without prejudice.

      "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule

of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Pursuant to Rule 8 of the Rules of Civil Procedure, a complaint seeking to raise a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. Rule Civ. P. 8(a)(2). Each allegation in a complaint must therefore be "concise and direct." Fed. R. Civ. P. 8(e)(1). A district Court may dismiss a complaint *sua sponte* for failure to comply with Rule 8. *Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014). A complaint may therefore be dismissed pursuant to Rule 8 where the "'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.* (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

In his complaint, Plaintiff alleges that on July 15, 2023, he "told [an] officer on [his] unit . . . that [he] was in fear for [his] life." (ECF No. 1 at 5.) Plaintiff does not clarify what specifically he told to the officer, or who the officer he told was. Plaintiff states that, the next day, he also filed a document with New Jersey State Prison's mental health department telling them he "was in fear for [his] life" without further detail as to what he told them. (*Id.* at 4-5.) No one came to see him from the department. (*Id.*) On July 17, 2023, while in his cell, Plaintiff was attacked by another inmate who placed trash bags onto his cell door and lit them on fire, resulting in injuries to Plaintiff and damage to Plaintiff's belongings. (*Id.* at 5-6.) Officers thereafter put the fire out. (ECF No. 1-2 at 1.) Based on these allegations, Plaintiff seeks to raise failure to protect claims against two Defendants: Lt. Moore, who was apparently a sergeant at the prison at the time of the fire, and the prison's mental health department. (*Id.* at 4.)

Turning first to the prison and its mental health department, the Court notes that state prisons and their internal departments are arms of the state and thus are not considered persons subject to suit in a civil rights proceeding and are in any event entitled to Eleventh Amendment immunity in federal court. *See, e.g., Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 318 (3d Cir. 2013); *Walker v. Beard*, 244 F. App'x 439, 440-41 (3d Cir. 2007); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989). Plaintiff's

3

claims against the prison and its mental health department must therefore be dismissed without prejudice.

Plaintiff's claims against Lt. Moore fare no better. "To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Proctor v. James*, 811 F. App'x 125, 128 (3d Cir. 2020) (quoting *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012)). Such a claim requires the plaintiff plead facts, at minimum, which show the defendant "knew or should have known" that the inmate who attacked the plaintiff posed a threat to the plaintiff prior to the attack and failed to intervene to stop or prevent the attack. *Id.*

Here, Plaintiff provides no details which would permit the Court to infer that Defendant Moore knew or should have known that the inmate who attacked Plaintiff posed a threat to Plaintiff. Although Plaintiff states that he told unspecified officers and the mental health department that he was in fear for his life, he does not allege that anyone told Moore, nor does he allege any details as to what he told the officers and staff – Plaintiff does not allege that he specifically identified the inmate who attacked him as a threat, or told the officers any facts which would have or should have led a reasonable officer to take corrective action. Without specific allegations that Plaintiff told Moore himself information that would have put him on notice that Plaintiff was under a substantial risk of harm, Moore cannot be held liable for failing to protect Plaintiff from the inmate who burned his cell as Plaintiff has failed to plead deliberate indifference. Plaintiff's claims against Moore must therefore be dismissed without prejudice at this time.

Finally, the Court notes that Plaintiff has also filed a motion seeking the appointment of counsel. (ECF No. 3.) Although civil plaintiffs have no right to the appointment of counsel in

civil rights matters, this Court has wide discretion to appoint counsel where the Court finds that the appointment of counsel is warranted. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002); *see also Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). In determining whether the appointment of counsel is warranted, this Court must first determine whether the plaintiff is indigent and whether his claims have merit. *Tabron*, 6 F.3d at 155-57; *Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011). Where an indigent plaintiff presents meritorious claims, the Court then must weigh various factors to determine whether the appointment of counsel is warranted. *Tabron*, 6 F.3d at 155-57; *Cuevas*, 422 F. App'x at 144-45. If the Court determines that Plaintiff fails to present claims of at least arguable merit, however, a request for counsel must be denied. *Montgomery*, 294 F.3d at 498; *Tabron*, 6 F.3d at 155-57. As this Court will dismiss all of Plaintiff's claims for the reasons expressed above, Plaintiff has failed to present claims of arguable merit, and his counsel motion (ECF No. 3) must be denied.

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 6) shall be granted, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted, and Plaintiff's motion seeking the appointment of counsel (ECF No. 3) shall be **DENIED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

5